

**ORDERED in the Southern District of Florida on September 24, 2025.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:                                                          CASE NO. 25-11136-LMI

SKY GARDENS RESIDENCES, LLC,

      Debtor.                                              CHAPTER 11

_____

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**
**(A) APPROVING DEBTOR'S PLAN OF REORGANIZATION, AND**
**(B) CONFIRMING DEBTOR'S PLAN OF REORGANIZATION**

**THIS CAUSE** came before the Court on July 22, 2025, at 11:00 a.m. upon the scheduled

hearing (the "<u>Confirmation Hearing</u>")[1] to consider confirmation of the Debtor's *Plan of*

*Reorganization* [ECF No. 38] (the "<u>Original Plan</u>"), and the Court, (a) having reviewed the file,

(b) having considered the *Declaration of Celal Ozkan in Support of Debtor's Plan of*

*Reorganization* [ECF No. 148], (c) having considered the *Certificate of Debtor on Acceptance of*

*Plan, Report on Amounts to be Deposited, Certificate of Amount Deposited and Payment of Fees*

[ECF No. 147], (d) having considered the presentation of counsel, (e) having considered the

exhibits and proffered testimony admitted into evidence, (f) based on the entire record of the

---

[1] Unless otherwise defined herein, defined terms shall have the meanings ascribed to such terms in the Plan.

Confirmation Hearing, and (g) for the reasons stated on the record of the Confirmation Hearing, the Court does make and issues the following Findings of Fact, Conclusions of Law, and Orders:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      The Court has jurisdiction over this Case pursuant to 28 U.S.C. §§ 157(a) and (b), 1334(a) and the United States District Court's General Order of Reference.

B.      Venue of this Case in this District is proper in accordance with 28 U.S.C. §§1408 and 1409.

C.      The Court's consideration of the Plan is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

D.      On January 31, 2025 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code.

E.      The Debtor is a Florida limited liability company and, therefore, is qualified and eligible to be a debtor under Chapter 11, consistent with the provisions of 11 U.S.C. § 109(d).

F.      From and after the Petition Date, the Debtor has operated its business and remained in possession of its assets as a debtor-in-possession pursuant to the authority of 11 U.S.C. §§ 1107 and 1108.

G.      On April 30, 2025, the Debtor filed the Original Plan and *Disclosure Statement for Debtor's Plan of Reorganization* [ECF No. 39] (the "Disclosure Statement").

H.      On May 6, 2025, the Court entered the *Order Setting Hearing on Approval of Disclosure Statement and Confirmation of Chapter 11 Plan, Setting Various Deadlines and Describing Plan Proponent's Obligations* [ECF No. 40] (the "Disclosure Order").

I.      Pursuant to the Disclosure Order, a hearing to consider approval of the Disclosure Statement was scheduled for June 18, 2025.

2

J.      Copies of the Original Plan, the Disclosure Statement, and the Disclosure Order were duly served by the Debtor [ECF No. 41].

K.      On June 18, 2025, the Court conducted a hearing to consider approving the Disclosure Statement.

L.      On June 18, 2025, the Court entered the *Order (I) Approving Disclosure Statement; (II) Setting Hearing on Confirmation of Plan; (III) Setting Hearing on Fee Applications; (IV) Setting Various Deadlines; and (V) Describing Plan Proponent's Obligations* [ECF No. 68] (the "Disclosure Approval Order").

M.      Copies of the Original Plan, Disclosure Statement, Disclosure Approval Order, and ballots were duly served by the Debtor [ECF No. 73].

N.      In accordance with the Disclosure Approval Order, the deadline to file ballots (the "Ballot Deadline") and objections to the Original Plan was July 15, 2025.

O.      On July 15, 2025, Safe Harbor Equity, LLC and Safe Harbor Equity Distressed Debt Fund 3, LP (collectively, the "Lender") filed the *Lender's Objection to Confirmation of the Debtor's Plan of Reorganization* [ECF No. 132] (the "Objection").

P.      On July 18, 2025, the Debtor filed the *Certificate of Debtor on Acceptance of Plan, Report on Amounts to be Deposited, Certificate of Amount Deposited and Payment of Fees* [ECF No. 147] (the "Plan Certificate").

Q.      On July 18, 2025, the Debtor filed the *Declaration of Celal Ozkan in Support of Debtor's Plan of Reorganization* [ECF No. 148] (the "Ozkan Declaration").

R.      On July 21, 2025, the Debtor filed the *Modification to Debtor's Plan of Reorganization* [ECF No. 152] (the "First Modification").

S.      During the Confirmation Hearing, the Original Plan was further modified to provide for the Court to retain jurisdiction to award any requests for supplemental fees requested filed by Seese, P.A., for the period July 1, 2025, through the Effective Date, and by Alex D. Sirulnik, P.A., for the period July 11, 2025, through the Effective Date (the "Second Modification" and, together with the First Modification, the "Modification").

T.      The First Modification and Second Modification constitute modifications to the Original Plan. The Original Plan, as amended and/or modified by the Modification (the "Plan"), meets the requirements of 11 U.S.C. §§ 1122 and 1123. Accordingly, the Plan does not require additional disclosure under 11 U.S.C. § 1125 or re-solicitation of votes under 11 U.S.C. § 1126. In accordance with 11 U.S.C. § 1127 and Bankruptcy Rule 3019, all holders of Claims or Interests who voted to accept the Original Plan or who are conclusively presumed to have accepted the Original Plan are deemed to have accepted the Plan.  No holder of a Claim or Interest shall be permitted to change its vote as a consequence of the Plan, unless otherwise agreed to by the holder of the Claim or Interest and the Proponent.  The Plan shall constitute the Plan submitted for Confirmation.[2]

U.      According to the Plan Certificate, a total of 5 ballots were filed on or before the Ballot Deadline.

V.      The Plan Certificate was compiled in connection with the Plan. Counsel for the Debtor advised the Court that: (a) Classes 1 and 4 are Unimpaired under the Plan and, therefore, would have been deemed to have voted in support of the Plan; (b) Classes 2, 3, 5 and 6 are Impaired under the Plan; (c) Class 5 voted in support of Confirmation of the Original Plan, excluding the ballot cast by Lender, who holds a disputed claim; (d) Classes 2 and 3 voted

---

[2] When used hereafter, the term "Plan" shall mean the Plan [ECF No. 38] as amended or modified by the Modification.

against Confirmation of the Original Plan; and (e) Class 6 did not vote on the Plan, but consists of holders of Interests.

W.      Votes for acceptance and rejection of the Original Plan were solicited in good faith and in compliance with 11 U.S.C. §§ 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Disclosure Approval Order, all other applicable provisions of the Bankruptcy Code and all other applicable rules, laws, and regulations. Specifically, the Disclosure Statement, the Original Plan, ballots, and Disclosure Order were transmitted to and served on all holders of Claims or Interests in Classes that were entitled to vote to accept or reject the Original Plan, as well as to other parties in interest in the Case, in compliance with 11 U.S.C. § 1125, the Disclosure Order, and the Bankruptcy Rules.  Such transmittal and service were adequate and sufficient, and no further notice is or shall be required.

X.      The Original Plan is dated and identifies the Proponent, thereby satisfying Bankruptcy Rule 3016(a).  The filing of the Disclosure Statement with the Clerk of the Court satisfied Bankruptcy Rule 3016(b).

Y.      The Plan complies with the following provisions of 11 U.S.C. § 1123:

(a)      11 U.S.C. § 1123(a)(1):  The Plan (Article III and Article IV) properly designates and classifies Claims and Interests.  Valid business, factual, and legal reasons exist for the separate classification of the various Classes of Claims and Interests created under the Plan, the classifications were not made for any improper purpose, and the creation of such Classes does not unfairly discriminate between or among holders of Claims or Interests;

(b)      11 U.S.C. § 1123(a)(2):  The Plan (Article III and Article IV) specifies any Claims that are not Impaired;

(c)     11 U.S.C. § 1123(a)(3):  The Plan (Article III and Article IV) specifies any Claims that are Impaired;

(d)     11 U.S.C. § 1123(a)(4):  The Plan provides for the same treatment for each Claim or Interest in each Class;

(e)     11 U.S.C. § 1123(a)(5):  The Plan (Article VII) provides for adequate means of implementation.  More specifically, the Plan provides for: (i) the allowance and disallowance of claims; (ii) specified distribution mechanisms and procedures; and (iii) the post-confirmation retention of jurisdiction by this Court as necessary in connection with the implementation and consummation of the Plan;

(f)     11 U.S.C. § 1123(a)(6):  The Plan does not provide for the issuance of non-voting securities.

(g)     11 U.S.C. § 1123(a)(7):  The Plan (Article VII) contains provisions consistent with the interests of creditors and equity security holders and with public policy, including the post-Confirmation management, as well as any compensation to be paid to post-Confirmation management; and

(h)     11 U.S.C. § 1123(a)(8):  The Debtor is not an individual.

Z.     The Plan complies with all applicable provisions of 11 U.S.C. § 1129 as follows:

(a)     11 U.S.C. § 1129(a)(1):  The Plan complies with the applicable provisions of Title 11 of the United States Code, including, without limitation, 11 U.S.C. §§ 1122 and 1123;

(b)     11 U.S.C. § 1129(a)(2): The Proponent of the Plan has complied with the applicable provisions of Title 11 of the United States Code. The Proponent and each of its representatives, members, managers, officers, directors, employees, advisors, attorneys, and agents, as applicable, have solicited and tabulated votes on the Plan and have participated in the

6

activities described in 11 U.S.C. § 1125 fairly, in good faith within the meaning of 11 U.S.C. § 1125(e), and in a manner consistent with the applicable provisions of the Disclosure Order, the Disclosure Statement, the Bankruptcy Code, the Bankruptcy Rules, and all other applicable rules, laws, and regulations, and are entitled to the protections afforded by 11 U.S.C. § 1125(e) and the exculpation provisions set forth in Article X of the Plan. The Proponent and each of its representatives, members, managers, officers, directors, employees, advisors, attorneys, and agents, as applicable, have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the offering, issuance, and distribution of recoveries under the Plan and, therefore, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan, or such Distributions made pursuant to the Plan;

(c)     11 U.S.C. § 1129(a)(3): The Plan has been proposed in good-faith and not by any means forbidden by law;

(d)     11 U.S.C. § 1129(a)(4): No securities are being issued under the Plan;

(e)     11 U.S.C. § 1129(a)(5): The Plan (Article X) discloses and provides for the post-Confirmation management, as well as the rights and powers, of the post-Confirmation management.  The Plan further discloses any compensation to be paid to post-Confirmation management;

(f)     11 U.S.C. § 1129(a)(6): There are no rates applicable to the Debtor;

(g)     11 U.S.C. § 1129(a)(7): Each Impaired Class of Claims and Interests has either accepted the Plan or each holder of a Claim or Interest in such Class will receive or retain under the Plan property of a value, as of the Effective Date of the Plan, that is not less than the amount

7

that such holder would receive or retain if the Debtor was liquidated under Chapter 7 on such date and, therefore, the Plan satisfies the "best interests of creditors test" set forth in 11 U.S.C. § 1129(a)(7);

(h)    11 U.S.C. § 1129(a)(8):  Each Class of Claims and Interests has accepted the Plan or is not Impaired; alternatively, the Plan complies with 11 U.S.C. § 1129(b) with respect to each Impaired Class of Claims or Interests that has not accepted the Plan.   The Plan does not discriminate unfairly and is fair and equitable with respect to such Classes.   Classes 1 and 4 are Unimpaired under the Plan and, therefore, are deemed to have accepted the Plan.   Class 5 is Impaired and voted in support of Confirmation of the Plan.   Classes 2 and 3 are Impaired and voted against Confirmation of the Plan. Class 6 is Impaired and did not vote on the Plan; however, it is believed that the Allowed 6 Interests do not oppose Confirmation of the Plan.

(i)    11 U.S.C. § 1129(a)(9): The Plan provides for payment in full in Cash of each Allowed Administrative Claim (unless such holder agrees to less favorable treatment) and further provides for payment in full of any Priority Tax Claim on the Effective Date of the Plan;

(j)    11 U.S.C. § 1129(a)(10):  At least one Class of Claims that is Impaired under the Plan has accepted the Plan without including the votes of Insiders. Class 5 is Impaired and has accepted the Plan without including the votes of Insiders and the vote of any disputed Claim that did not obtain an order estimating its claim for voting purposes;

(k)    11 U.S.C. § 1129(a)(11):  The Debtor will have sufficient funds available to meet its obligations under the Plan on the Effective Date and, therefore, the Proponent has demonstrated a reasonable probability of success, thus satisfying the requirements of 11 U.S.C. § 1129(a)(11), to the extent that a finding of feasibility is required since the Plan provides for the liquidation of its assets;

8

(l)      11 U.S.C. § 1129(a)(12): The Plan provides for payment in full of any fees pursuant to 28 U.S.C. §1930 as of the Effective Date;

(m)      11 U.S.C. § 1129(a)(13): The Debtor does not provide retiree benefits;

(n)      11 U.S.C. § 1129(a)(14): The Debtor is not obligated on any domestic support obligation;

(o)      11 U.S.C. § 1129(a)(15): The Debtor is not an individual;

(p)      11 U.S.C. § 1129(a)(16): This provision is not applicable to the Debtor;

(q)      11 U.S.C. § 1129(b): The Plan complies with all provisions of section 1129 of the Code, other than section 1129(a)(8). However, the Plan satisfies the requirements of section 1129(b) with respect to the Class 2 and 3 Claims for the reasons stated on the record of the Confirmation Hearing. Furthermore, the holders of the Allowed Interests shall not receive any Distributions or retain any property under the Plan on account of such Interests unless and until the Allowed Class 1, 2, 3, 4, and 5 Claims are paid in full;

(r)      11 U.S.C. § 1129(c): The Plan is the only plan considered and confirmed by the Court; and

(s)      11 U.S.C. § 1129(d): The principal purpose of the Plan is not the avoidance of taxes or the application of section 5 of the Securities Act of 1933.

(t)      11 U.S.C. § 1129(e): This section is not applicable to the Debtor.

AA.    The Plan complies with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) of the Bankruptcy Code, including sections 1122 and 1123.

BB.    Each of the discharge, release, injunction, and exculpation provisions set forth in the Plan: (a) is within the jurisdiction of the Bankruptcy Court under 28 U.S.C. §§ 1334(a), 1334(b), and 1334(d); (b) is an essential means of implementing the Plan pursuant to 11 U.S.C.

9

§1123(a)(6); (c) is an integral element of the transactions incorporated into the Plan; (d) confers material benefits on, and is in the best interests of, the Debtor, the Estate, and creditors; (e) is important to the overall objectives of the Plan to finally resolve all Claims among or against the parties-in-interest in the Case with respect to the Debtor; and (f) is consistent with 11 U.S.C. §§105, 1123, 1129, and other applicable provisions of the Bankruptcy Code. The record of the Confirmation Hearing and the Case are sufficient to support the discharge, release, exculpation, and injunction provisions contained in the Plan.

CC.    Section 7.09 of the Plan appropriately provides for the retention, preservation and enforcement of Actions by the Reorganized Debtor, as of the Effective Date, in accordance with 11 U.S.C. § 1123(b)(3)(B). The provisions regarding Actions in the Plan are appropriate and are in the best interests of the Debtor, the Estate, and Holders of Claims and Interests, and all such Actions are preserved.

DD.    Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in 11 U.S.C. § 1129.

EE.    The Proponent and its agents (and their respective partners, members, managers, officers, directors, agents, financial advisers, attorneys, employees, partners, affiliates, and representatives) have acted in good faith throughout the Case. In addition, they will be deemed to have continued to act in good faith if they proceed to: (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby; and (b) take the actions authorized and directed by the Confirmation Order.

FF.    Pursuant to 11 U.S.C. § 363, Bankruptcy Rule 9019, and any applicable laws, and as consideration for the distributions and other benefits provided under the Plan, all settlements and compromises of Claims and Interests embodied therein constitute good faith compromises

10

and settlements of Claims and Interests, and such compromises and settlements are fair, equitable, reasonable, appropriate in light of the relevant facts and circumstances underlying such compromise and settlement, and are in the best interests of the Debtor, the Estate, and holders of Claims and Interests.

GG.    All transfers of property of the Estate following the Effective Date, if any, shall be free and clear of all Liens, charges, Claims, encumbrances, and other interests, except as expressly provided in the Plan. The Court reserves jurisdiction to approve any sale, transfer, conveyance or transaction involving the Property, including, without limitation, pursuant to 11 U.S.C. § 363, and the Debtor, including the Reorganized Debtor shall be entitled to the benefit of any and all exemptions afforded by 11 U.S.C. § 1146.  Pursuant to 11 U.S.C. §§ 1141(b) and (c), as of the Effective Date, all property of the Debtor shall vest in the Reorganized Debtor free and clear of all Liens, charges, Claims, encumbrances, and other interests, except as expressly provided in the Plan. Such vesting does not constitute a voidable transfer under the Bankruptcy Code or applicable non-bankruptcy law.

## ORDER:

**BASED ON THE FOREGOING FINDINGS OF FACT, IT IS ORDERED** as follows**:**

1.    The Plan is approved and confirmed pursuant to 11 U.S.C. § 1129(a).

2.    To the extent that any objections, reservations of rights, requests, statements, or joinders to Confirmation of the Plan, including in connection with the designation of votes pursuant to 11 U.S.C. § 1126(e), that have not been withdrawn, waived, or settled prior to entry of this Order or otherwise resolved as stated on the record of the Confirmation Hearing, are overruled on the merits.

3.    The findings of fact and the conclusions of law stated in this Order shall constitute

11

findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014.  To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

4.       This Order confirms the Plan and each of the provisions in each and every respect pursuant to 11 U.S.C. § 1129. The Debtor and its authorized representatives are authorized to take any and all actions necessary to implement the Plan subject to the Effective Date.  Once finalized and executed, any and all other documents contemplated by the Plan shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, and enforceable in accordance with their terms.

5.       The terms of the Plan and any exhibits thereto are incorporated by reference into, and are an integral part of, the Order. The terms of the Plan, all exhibits thereto, and all other relevant and necessary documents, shall be effective and binding as of the Effective Date of the Plan.

6.       The terms of the Plan shall solely govern the classification of Claims and Interests for the purpose of the Distributions to be made thereunder. The classifications set forth on the ballots tendered to or returned by the holders of Claims or Interests in connection with voting on the Plan: (a) were set forth on the ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims and Interests under the Plan for distribution purposes; (c) may not be relied upon by any holder of a Claim or Interest as representing the actual classification of such Claim or Interest under the Plan for distribution purposes; and (d) shall not be binding on the Debtor and Reorganized Debtor except for voting purposes.

7.      The following release, injunction, exculpation, discharge, and related provisions set forth in Article VII and X of the Plan, except as otherwise provided on the record of the Confirmation Hearing, are approved and authorized in their entirety:

### 7.12    Discharge of Debtor

*As of the Effective Date, and except as otherwise provided in Sections 4.02 and 4.03 of the Plan, (a) the rights afforded herein and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction, discharge and release of Claims and Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Commencement Date, against the Debtor and the Debtor in Possession, the Estate, or any of the assets or properties under the Plan, and (b) all Persons shall be precluded and enjoined from asserting against the Debtor, its successors and assigns, or their assets or properties any other or further Claims or Interests based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date, whether or not such holder has filed a proof of Claim or Proof of Interest and whether or not such holder has voted to accept or reject the Plan. The foregoing shall be subject to any limitations of section 1141(d)(3) of the Code, which provides that confirmation of a plan does not discharge a debtor if (a) the plan provides for the liquidation of all or substantially all of property of the estate, or (b) if the debtor does not engage in business after consummation of the plan. Notwithstanding the foregoing, nothing in the Plan shall release, discharge, enjoin or preclude any Claim that has not arisen as of the Effective Date that any governmental unit may have against the Debtor and nothing in the Plan shall release, nullify or enjoin the enforcement of any liability to a governmental unit under environmental statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of the Confirmation Order.*

### 7.13    Injunction Related to Discharge

*Except as otherwise expressly provided in the Plan, the Confirmation Order or a separate order of the Court, all Persons who have held, hold or may hold Claims against or Interests in the Debtor, are permanently enjoined, on and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Interest, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Debtor on account of any such Claim or Interest, (iii) creating, perfecting or enforcing any Lien or asserting control of any kind against the Debtor or against the property or interests in property of the Debtor on account of any such Claim or Interest, and (iv) asserting any right of setoff, subrogation or recoupment of any kind, against any obligation due from the Debtor or against the property or interests in property of the Debtor on account of any such Claim or Interest.  Such injunctions shall extend to successors and assigns of the Debtor and its properties and interests in property.*

### 7.14    Injunction Against Interference with the Plan

13

*Upon the entry of a Confirmation Order with respect to the Plan, and except as otherwise provided in the Plan or noted on the record of the Confirmation Hearing, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, partners, members or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan, except with respect to actions any such entity may take in connection with the pursuit of appellate rights.*

*10.04 Exculpation.*

*Subject to the occurrence of the Effective Date, neither the Debtor nor any of its respective members, agents, financial advisors, attorneys, employees, holders of Interests, affiliates and representatives (the "Exculpated Parties") shall have or incur any liability to any holder of a Claim or Interest for any act or omission in connection with, related to, or arising out of, the Case, the Plan, the pursuit of confirmation of the Plan, the consummation of the Plan or the administration of the Plan or the property to be distributed under the Plan; provided, however, that the foregoing shall not operate as a waiver or release for (i) any express contractual obligation owing by any such Person, (ii) willful misconduct or gross negligence, and (iii) with respect to Professionals, liability arising from claims of professional negligence which shall be governed by the standard of care otherwise applicable to professional negligence claims under applicable non-bankruptcy law, and, in all respects, the Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan; provided further that nothing in the Plan shall, or shall be deemed to, release the Exculpated Parties, or exculpate the Exculpated Parties with respect to, their respective obligations or covenants arising pursuant to the Plan; provided further that the foregoing shall not operate as a waiver or release of Claims by governmental entities arising under environmental laws.*

*10.05 Injunction Relating to Exculpation*

*The Confirmation Order will contain an injunction, effective on the Effective Date, permanently enjoining the commencement or prosecution by the Debtor, the Reorganized Debtor, and any other Person, whether derivatively or otherwise, of any Action or causes of action exculpated, released or discharged pursuant to this Plan against the Exculpated Parties.*

8.     Notwithstanding the entry of this Order and the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction over all matters arising out of, or related to, the Case and the Plan as set forth in Article IX of the Plan.

9.     Notwithstanding anything contained in the Plan or this Order to the contrary, property of the estate shall not otherwise vest in the Debtor or the Reorganized Debtor, including, without limitation, free and clear of Claims and Interests, and shall remain property of

14

the estate until the later of the Effective Date or closing of the Sale of the Property, unless otherwise ordered by further order of the Court.

10.    On the Effective Date, except to the extent otherwise provided in the Plan, all notes, instruments, certificates, and other documents evidencing Claims or Interests shall be cancelled and the obligations of the Debtor thereunder or in any way related thereto shall be discharged; provided, however, that notwithstanding Confirmation or the occurrence of the Effective Date, any indenture or agreement that governs the rights of the holder of a Claim shall continue in effect solely for purposes of allowing holders to receive Distributions under the Plan.

11.    *Any non-debtor party to any unexpired non-residential lease of real property, personal property or executory contract that is rejected in accordance with the Plan shall have thirty (30) days from the earlier of (a) the Effective Date, and (b) the date of any order authorizing such rejection in which to file unsecured rejection claims for damages, if any, unless the Debtor requests an extension of the deadline to assume or reject any unexpired lease(s) and/or executory contract(s) in accordance with the Plan.*

12.    Pursuant to 11 U.S.C. §1146(a), any transfers of property, or the making or delivery of an instrument, pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment, and upon entry of the Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or governmental assessment.

13.     Subject to Article VII of the Plan and notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtor, the Reorganized Debtor, and any and all holders of Claims or Interests (irrespective of whether such Claims or Interests are deemed to have accepted the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan or herein, and any and all non-debtor parties to executory contracts and unexpired leases with the Debtor as set forth herein.

14.     The rights, benefits, and obligations of any Entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of any heir, executor, administrator, successor or assign, affiliate, member, manager, agent, representative, attorney, beneficiaries, or guardian, if any, of each Entity.

15.     The failure specifically to include or to refer to any particular article, section, or provision of the Plan or any related document in the Order shall not diminish or impair the effectiveness of such article, section, or provision, and such article, section, or provision shall have the same validity, binding effect, and enforceability as every other provision of the Plan, it being the intent of the Court that the Plan and any related documents be confirmed in their entirety.

16.     Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of Florida, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction, and implementation of the Plan, any agreements, documents, instruments, or contracts executed or entered into in connection with the Plan

17.     Except as set forth in the Plan, all actions authorized to be taken pursuant to the Plan shall be effective on, prior to, or after the Effective Date pursuant to the Order, without further application to, or order of the Court, or further action by the respective members, managers, officers and directors of Debtor and with the effect that such actions had been taken by unanimous action of such partners, members or managers.

18.     Pursuant to 11 U.S.C. § 1142(b) and any comparable provision of the business corporation laws of any other state, the Debtor is authorized and empowered to take such actions and to perform such acts as may be necessary, desirable or appropriate to comply with or implement the Plan, and any other documents as contemplated in the Plan, and all documents, instruments, and agreements related thereto and all annexes, exhibits, and schedules appended thereto, and the obligations thereunder shall constitute legal, valid, binding and authorized obligations of each of the respective parties thereto, enforceable in accordance with their terms without the need for any corporate approval.  Further, the Debtor is authorized and empowered to take such actions, to perform all acts, to make, execute, and deliver all instruments and documents, and to pay all fees and expenses as set forth in the documents relating to the Plan that may be required or necessary for its performance thereunder without the need for any corporate approval.

19.     On the Effective Date, the appropriate managing agents of the Debtor are authorized and empowered to issue, execute, and deliver the agreements, documents, and instruments contemplated by the Plan, and any document related thereto, in the name of and on behalf of the Debtor. Subject to the terms of this Order, each of the Debtor and its managing agents are authorized to take any such actions without further action or action of the managing agents of the Debtor.

20.      This Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of all states and any other governmental authority with respect to: (a) the implementation or Consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto and (b) any other acts and transactions referred to in or contemplated by the Plan, and any documents, instruments, or agreements, and any amendments or modifications thereto.

21.      Subject to certain restrictions and requirements set forth in 11 U.S.C. § 1127 and Bankruptcy Rule 3019 and those restrictions on modifications set forth in the Plan, the Proponent expressly reserves the rights to revoke or withdraw, alter, amend, or modify the Plan, one or more times, after Confirmation, and, to the extent necessary, may initiate proceedings in the Bankruptcy Court to so alter, amend, or modify the Plan, or remedy any defect or omission, or reconcile any inconsistencies in the Plan or the Order, in such matters as may be necessary to carry out the purposes and intent of the Plan.  Any such amendment, modification, or supplement shall be considered a modification of the Plan and shall be made in accordance with Article X of the Plan.

22.      Any amendments and/or modifications contained in the Plan and otherwise contained herein are consistent with 11 U.S.C. § 1127(a). The Plan, as may be amended or modified by such amendments and/or modifications, including, without limitation, the Modification, meets the requirements of 11 U.S.C. §§ 1122 and 1123.  The Plan does not require additional disclosure under 11 U.S.C. § 1125 or re-solicitation of votes under 11 U.S.C. § 1126. Any amendments and/or modifications, including, without limitation, the Modification, are approved in their entirety.  Entry of this Order means that the Modification is approved pursuant to 11 U.S.C. § 1127(a), the Plan does not require additional disclosure or re-solicitation under

Bankruptcy Rule 3019.

23.     The Substantial Consummation of the Plan shall not constitute a change of ownership or change in control, as such terms are used in any statute, regulation, contract, or agreement (including any employment, severance, termination, or insurance agreements) in effect on the Effective Date and to which the Debtor is a party or under any applicable law of any applicable Governmental Unit. Notwithstanding the foregoing, the Debtor reserves the right to selectively waive this provision.

24.     The Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) within twenty (20) days of the entry of this Order for pre-confirmation periods and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period(s) in the Case. Subject to the Effective Date, the Reorganized Debtor shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) based upon all disbursements of each of the Debtor for post-Confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6) until the earlier of (a) the closing of the Case by the issuance of a Final Decree by the Court, or (b) the entry of an order by the Court dismissing the Case or converting the Case to another chapter under the Code.  The party responsible for paying the post-Confirmation fees pursuant to 28 U.S.C. § 1930(a)(6) shall provide the United States Trustee upon payment of each post-confirmation payment with an appropriate affidavit indicating all cash disbursements for the relevant period.

19

25.     If there is any direct conflict between the terms of the Plan and this Order, the terms of this Order shall control.

26.     The Proponent is authorized to consummate the Plan at any time after entry of this Order subject to satisfaction or waiver of the condition precedents set forth in Article VIII of the Plan.

27.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

###

Submitted by:

Michael D. Seese, Esq.
Seese, P.A.
101 N.E. 3rd Avenue, Suite 1500
Ft. Lauderdale, FL 33301
Telephone No.: (954) 745-5897
mseese@seeselaw.com

Copies to:

Michael D. Seese, Esq., who is directed to serve a copy of this Order upon all non-registered users or registered users who have yet to appear electronically in this Case and file a conforming certificate of service.