**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

*In re:*

SKY GARDENS RESIDENCES, LLC,

Debtor.                                              /

Case No.: 25-11136-LMI

Chapter 11

**RENEWED EMERGENCY MOTION TO FOR AN ORDER TO SHOW CAUSE**
**WHY THE DEBTOR SHOULD NOT BE HELD IN CONTEMPT FOR ITS**
**FAILURE TO COMPLY WITH THIS COURT'S ORDERS**

**Statement of Exigent Circumstances**

> **Purchaser requests that the Court conduct a hearing on this Motion on or before April 14, 2026. The Court approved the sale of the Debtor's real property to the Purchaser on October 28, 2025. Nonetheless, the Debtor has still not signed the closing documents despite multiple hearings and orders from the Court. The Purchaser's efforts to sell the real property are being harmed by the Debtor's delay. In accordance with Local Rule 9075-1, the Purchaser has made a bona fide effort to resolve this matter without a hearing, but was unable to resolve the matter.**

SAFE HARBOR EQUITY, LLC, a Florida limited liability company ("Safe Harbor"), and SAFE HARBOR EQUITY DISTRESSED DEBT FUND 3, L.P., a Delaware limited partnership ("Safe Harbor LP") (referred to together as "Purchaser"), by and through undersigned counsel, moves this Court for entry of an order directing Sky Gardens Residences, LLC (the "Debtor") to appear before the Court and show cause why it should not be held in contempt for failure to comply with the *Order Granting Debtor's Motion for the Entry of Order Authorizing the Sale of Debtor's Assets Free and Clear of Claims, Liens, Interests, and Encumbrances* [ECF No. 230] (the "Sale Order") and the Order (as defined below), and states:



**45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

## RELEVANT BACKGROUND

1. On January 31, 2025, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above captioned chapter 11 case in the United States Bankruptcy Court for the Southern District of Florida.

2. On May 14, 2025, the Court entered its *Order (I) Approving Bid Procedures; and (B) Manner of Sale Notice; and (II) Scheduling Auction and Final Sale Hearing* (the "Preliminary Sale Order"). In accordance with the Preliminary Sale Order, the Court approved the bid procedures, scheduled the auction (the "Auction") for July 25, 2025, for the sale of the Debtor's assets (the "Assets"), and set the date of the final sale hearing for July 29, 2025.

3. On July 19, 2025, the Court entered its *Order Granting Debtor's Emergency Motion for Entry of Order (A) Approving Amendments to Bid Procedures, and Sale Notice and (B) Rescheduling Dates of Auction and Final Sale Hearing* (the "Amended Preliminary Sale Order") [ECF No. 150], which re-scheduled the Auction for August 25, 2025, and re-scheduled the final sale hearing for August 27, 2025.

4. The Purchaser was highest bidder and Prevailing Bid (as defined in the Bid Procedures) at the Auction.

5. On August 27, 2025, the Court conducted a hearing (the "Sale Hearing") on the *Motion for the Entry of Order Authorizing the Sale of Debtor's Assets Free and Clear of Claims, Liens, Interests, and Encumbrances* [ECF No. 32].

6. At the Sale Hearing, the Debtor requested to continue the Sale Hearing and authority to re-open the Auction. Debtor's counsel represented at the Sale Hearing that two additional bidders were interested in purchasing the Assets.

2

7.      Based upon the representation of Debtor's counsel, the Court continued the Sale Hearing to September 30, 2025, and re-opened the Auction.

8.      No additional bids were submitted for the purchase of the Assets, and accordingly, the Debtor did not conduct a further auction.

9.      On September 30, 2025, the Court held the continued Sale Hearing (the "Continued Sale Hearing") and approved the sale of the Assets to the Purchaser.

10.      On October 28, 2025, the Court entered the Sale Order.

11.      The Sale Order approved the *Asset Purchase Agreement* (the "APA").

12.      Additionally, the Sale Order directed the Debtor to execute and deliver the appropriate closing documents, and specifically stated:

> The Seller is authorized and directed to execute and deliver, and empowered to perform under, consummate and implement the APA and the Sale, together with all additional instruments and documents that the Seller or the Purchaser deem reasonably necessary or appropriate to implement the APA and effectuate the Sale, and to take all other and further actions as may be reasonably requested by the Seller or the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to Purchaser or its designee or reducing to possession the Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the APA.

Sale Order, at ¶ 5.

13.      Pursuant to the *Asset Purchase Agreement*, the closing was required to occur on or before November 26, 2025, unless the parties mutually agreed to extend the closing date. *See* ECF No. 116; APA, at ¶ 8(a).

14.      The Debtor did not sign the closing documents.

15.      On January 13, 2026, the Purchaser filed the *Motion to for an Order to Show Cause Why the Debtor Should Not be Held in Contempt for Its Failure to Comply With This*

3



*Court's Order* [ECF# 236] (the "First Motion for Order to Show Cause"), which sought to compel the Debtor to sign the closing documents, enter an order to show cause and award appropriate sanctions.

16.     On March 17, 2026, the Court entered its *Agreed Order Denying, Without Prejudice, Motion to for An Order to Show Cause Why the Debtor Should Not be Held in Contempt for its Failure to Comply with this Court's Order* (the "Order") [ECF No. 250], which required the Debtor to either object to the form of the closing documents or deliver fully executed closing documents to the Purchaser on or before March 16, 2026.  Further, the Court stated that a person would be appointed to execute the closing documents in the event the Debtor failed to do so by the March 16th deadline, subject to the Court's resolution of objections to the form of the closing documents.

17.     On March 13, 2026, the Debtor filed *Debtor's Limited Objection to Form of Sale Documents and Request for Hearing* [ECF No. 247], which objected to the form of the closing documents.

18.     On March 16, 2026, the Court held a hearing on the Objection and sustained the objection in part.

19.     The Debtor and the Purchaser have since agreed upon the form of the closing documents, but the Debtor has still not executed the closing documents.

### ARGUMENT

20.     "[C]ivil contempt proceedings are brought to enforce a court order that requires a [party] to act in some manner." *Chairs v. Burgess*, 143 F.3d 1432, 1437 (11th Cir. 1998) (quoting *Mercer v. Mitchell*, 908 F.2d 763, 766-67 (11th Cir. 1990)) (alterations in original).

4

21.    A petitioner "must first establish by clear and convincing evidence that the alleged contemnor violated [a] court's earlier order." *Id.* (*quoting United States v. Roberts*, 858 F.2d 698, 700 (11th Cir. 1998)).

22.    Civil contempt is appropriate where "the purportedly contumacious conduct occurs outside of the presence of the court, due process requires, with very few exceptions, that the defendant [or party subject to contempt] (1) be informed, through a show-cause order, of his purportedly contumacious conduct and (2) be given a hearing at which he can be represented by counsel, call witnesses, and testify in order to show cause why he should not be held in contempt." *Id.* (*citing In re Oliver*, 333 U.S. 257, 275 (1948); *Cooke v. United States*, 267 U.S. 517, 537 (1925)).

23.    Where there is no factual dispute that requires an evidentiary hearing, "the court might properly dispense with the hearing prior to finding the defendant in contempt and sanctioning him." *Id.* at 770 n. 11.

24.    Here, there is no factual dispute that the Debtor has failed to comply with multiple orders of this Court, including the Sale Order and Order, by failing to execute the required sale documents.   Upon information and belief, it appears that the Debtor is intentionally delaying the closing of the sale.

25.    Prior to filing this motion, counsel for the Purchaser attempted to resolve this dispute with counsel for the Debtor but was unable to do so.

26.    Accordingly, the Purchaser requests that the Court enter an order to show cause why Debtor should not be held in contempt of Court for its willful violation of the Sale Order and Order.

5



**WHEREFORE**, the Purchaser respectfully requests that the Court enter an order: (a) granting the Motion; (b) compelling the Debtor to comply with the Sale Order; (c) entering an order to show cause against Debtor; (d) appointing a person to execute the closing documents on behalf of the Debtor; (e) awarding Purchaser its attorneys' fees and costs for the preparation and prosecution of this Motion; and (f) granting any further relief the Court deems appropriate under the circumstances.

**AGENTIS PLLC**
***Counsel for Purchaser***
45 Almeria Avenue
Coral Gables, Florida 33134
T. 305.722.2002
www.agentislaw.com

By: ___*/s/ Jesse R. Cloyd*_____
Jesse R. Cloyd
Florida Bar No.: 58388
jrc@agentislaw.com

6

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case on April 10, 2026.

By: ___*/s/ Jesse R. Cloyd*_____

Jesse R. Cloyd
Florida Bar No.: 58388
jrc@agentislaw.com

7