**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| IN RE: | CASE NO. 25-11136-LMI |
|---|---|
| SKY GARDENS RESIDENCES, LLC, | CHAPTER 11 |
| Debtor. | |

**DEBTOR'S OBJECTION TO**
**RENEWED EMERGENCY MOTION TO [SIC] FOR AN ORDER**
**TO SHOW CAUSE WHY THE DEBTROR SHOULD NOT BE HELD IN**
**CONTEMPT FOR ITS FAILURE TO COMPLY WITH THIS COURT'S ORDERS**

**COMES NOW** the Debtor, SKY GARDENS RESIDENCES, LLC, by and through its undersigned counsel, and files this *Objection to Renewed Emergency Motion to [sic] for an Order to Show Cause Why the Debtor Should not Be Held in Contempt for its Failure to Comply with this Court's Orders* (the "Objection"), and states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates in support of the relief requested are 11 U.S.C. § 105.

**BACKGROUND**

**A.** The First Motion for Order to Show Cause

4. On January 13, 2026, the Lender filed the Motion to for an Order to Show Cause Why the Debtor Should Not be Held in Contempt for Its Failure to Comply with this Court's Order [ECF No. 236] (the "First Lender Motion").

5. In accordance with the Lender Motion, the Lender requested entry of an order to

1

show cause as to why the Debtor should not be held in contempt of Court for failing to execute documents necessary to effectuate the sale to the Lender.

6. On February 10, 2026, the Court conducted a hearing on the First Lender Motion during which the Debtor and the Lender announced an agreement providing, in part, as follows: (a) the Lender would provide the revised form of closing documents no later than February 13, 2026; (b) the Debtor would have an opportunity to review and, if necessary, object to the form of any of the proposed closing documents; and (c) a third-party would be appointed for purposes of executing the closing documents in the event the Debtor failed to execute the approved closing documents by March 5, 2026. The foregoing dates were later extended, as noted hereinafter.

**B.** **Order on First Lender Motion**

7. On February 13, 2026, the Lender provided the proposed form of order on the First Lender Motion and advised that the Lender required an additional seven (7) days to provide the revised closing documents. Counsel for the Lender also suggested that the proposed order be further revised to incorporate revised deadlines.

8. On February 13, 2026, undersigned counsel responded by confirming and requesting that counsel for the Lender circulate a revised order.

9. On February 25, 2026, the Lender provided the revised closing documents.

10. On March 3, 2026, the Lender's counsel provided the revised order on the Lender Motion.

**C.** **Order on First Lender Motion**

11. On March 16, 2026, following exchanges of comments between counsel as to the proposed order on the First Lender Motion, the Court entered the *Agreed Order Denying, without prejudice, Motion to for an Order to Show Cause Why the Debtor Should Not be Held in Contempt*

*for Its Failure to Comply with this Court's Order* [ECF No. 250] (the "Agreed Order").

12.     The Agreed Order provided, in part, "[i]n the event that the Debtor does not deliver the fully executed closing documents to the Lender on or before March 16, 2026, the Court will appoint a person to execute the closing documents on the Debtor's behalf subject, however, to the Court's resolution of any pending objection to the form of closing documents."

### D.     Debtor's Limited Objection to Form of Sale Documents

13.     On March 13, 2026, the Debtor filed the *Limited Objection to Form of Sale Documents and Request for Hearing* [ECF No. 247] (the "Limited Objection"). The Court conducted a hearing on the Limited Objection on March 16, 2026.

14.     At the conclusion of the hearing on the Limited Objection, the Court sustained, in part, the Limited Objection.

15.     On March 17, 2026, a copy of the proposed order on the Limited Objection was provided to counsel for the Lender; however, the proposed order remains pending with counsel for the Lender.

### E.     Status of Sale Documents

16.     Near the end of March 2026, the Debtor and Lender agreed to the form of the sale documents.

17.     As noted previously, an investor has been engaged in discussions and negotiations with the Lender regarding the acquisition of (a) the Lender's loan documents with the Debtor, or (b) the underlying real estate owned by the Debtor.

18.     Undersigned counsel even acted as a liaison in an effort to facilitate finalizing a deal between the investor and the Lender.

19.     The Lender recently set a deadline for either consummating the transaction with the

investor or executing the documents effecting the sale of the property from the Debtor to the Lender.

20.     In response, the Debtor's representative offered to sign the sale documents on Tuesday, April 21, 2026, in the absence of a deal between the investor and the Lender.

21.     The Debtor's representative, who is legally and properly designated to execute the documents on behalf of the Debtor, is in Abu Dhabi and has a flight scheduled to arrive on the evening of Monday, April 20, 2026.  The representative advises that he was unable to obtain an earlier flight due to the situation occurring in the Middle East.

## F.      *The Renewed Motion*

22.     On April 10, 2026, the Lender filed the *Renewed Motion Emergency Motion to [sic] for an Order to Show Cause Why the Debtor Should not Be Held in Contempt for its Failure to Comply with this Court's Orders* [ECF No. 254] (the "Renewed Motion").

23.     A hearing on the Renewed Motion is scheduled for Friday, April 17, 2026, at 10:00 a.m.

## OBJECTION

24.     The Debtor objects to the Renewed Motion.

25.     *First*, the Renewed Motion was unnecessary inasmuch as the Lender seeks an order to show cause, as the Agreed Order contemplated the appointment of a third-party for purposes of executing the sale documents in the event the Debtor *refused* to do so.

26.     Accordingly, as opposed to any need to seek an order to show cause, the Agreed Order provided a remedy in the event the Debtor *refused* to execute the sale documents.

27.     *Second,* the appointment of a third party for purposes of executing the sale documents is to occur only in the event the Debtor *refuses* to execute the sale documents.

4

28.     As noted herein, the Debtor is not refusing to execute the sale documents; rather, the Debtor's representative will execute the sale documents on April 21, 2026, immediately following his scheduled arrival from Abu Dhabi on the evening of April 20, 2026, a fact conveyed to the Lender *prior to* filing the Renewed Motion.

## CONCLUSION

29.     Based on the foregoing, the Debtor respectfully requests that the Court deny the Renewed Motion.

**DATED:** April 15, 2026

**SEESE, P.A**.
101 N.E 3rd Avenue
Suite 1500
Fort Lauderdale, FL 33301
Telephone: (954) 745-5897

By:  /s/ *Michael D. Seese*
Michael D. Seese (FBN 997323)

*Attorneys for the Debtor*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this Objection has been served electronically *via* CM/ECF upon all parties registered to receive electronic service on the date filed.

/s/ *Michael D. Seese*
Michael D. Seese, Esq.
FBN 997323

5